**Opinion issued December 22, 2020**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-20-00600-CR

————————————

**JERRY ALLEN FAIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Case No. 1416968

## MEMORANDUM OPINION

Appellant, Jerry Allen Fain, is attempting to appeal from a judgment of conviction signed on January 27, 2017. Because we lack jurisdiction, we dismiss this appeal.

In accordance with a plea bargain with the State, by which his offense of murder was reduced from a capital offense to a first-degree felony with sentencing reduced to life or a term not more than 99 years, Fain was sentenced on January 27, 2017 to a term of life imprisonment in the Institutional Division of the Texas Department of Criminal Justice. In connection with Fain's plea agreement with the State the trial court signed a certification of appellant's right to appeal, finding that this was a plea-bargain case with no right to appeal.

On August 12, 2020, Fain filed a pro se notice of appeal from the 2017 judgment of conviction. On August 31, 2020, the trial court determined that Fain was indigent and appointed counsel, Douglas Durham. Durham filed an Anders brief on October 30, 2020, stating that (1) the certification by the trial court showed that this was a plea-bargain case with no right to appeal, and (2) Fain's pro se notice of appeal was untimely filed. Appointed counsel sent a copy of this brief to Fain, but more than 30 days has passed since the filing of this brief and Fain has filed no pro se response challenging counsel's statements in the brief that the case was a plea-bargain case with no right of appeal or that the notice of appeal was untimely filed.

In criminal cases, the deadline for filing a notice of appeal is thirty days after the appealable order or judgment is signed. *See* TEX. R. APP. P. 26.2(a)(1). If a timely motion for new trial is filed, the deadline is extended to ninety days from the date the appealable order or judgment is signed. *See* TEX. R. APP. P. 26.2(a)(2). Fain

2

filed no motion for new trial and thus, his notice of appeal was due thirty days after the trial court signed the judgment of conviction on January 27, 2017. No other appealable order appears in the record. Fain did not file his notice of appeal until August 12, 2020. Thus, his notice of appeal was not timely filed. Without a timely-filed notice of appeal, we lack jurisdiction. *See* TEX. R. APP. P. 25.2(b).

Moreover, the trial court's certification is included in the record on appeal. *See* TEX. R. APP. P. 25.2(d). The trial court's certification states that this is a plea bargain case and that the defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because Fain has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Hightower, and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).